UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGEL HERRERA | CIVIL ACTION |
| VERSUS | NO: 12-1785 |
| GRETNA FOOD DISTRIBUTION CENTER, INC. | SECTION: "N" (4) |

## ORDER

Before the Court is a **Motion for Sanctions Pursuant to Rule 37(b) for Failure to Comply with a Court Order to Produce Discovery Responses (R. Doc. 22)** filed by Defendant, Gretna Food Distribution Center, Inc., ("Gretna") seeking an Order imposing sanctions upon Plaintiff, Angel Herrera, ("Herrera") for failing to provide discovery responses as ordered by the Court on June 7, 2013. The motion is opposed (R. Doc. 25), and was heard by oral argument on June 26, 2013.

### I.   Background

This case, in brief, concerns Herrera's allegations that Gretna, which is a food bank, told Herrera that he was ineligible to receive food on July 26, 2013 because it was Gretna's policy to provide food only to American citizens. Although Herrera holds a green card, he never showed Gretna this documentation, but claims $100,000.00 in damages for embarrassment and humiliation on account of the misunderstanding.

On May 28, 2013, the parties came before the undersigned to conduct a settlement conference.

The Court's minute entry indicated that negotiations were unsuccessful and a settlement was not reached. (R. Doc. 18, p. 1). However, the minute entry also contained an Order which stated that "the plaintiff shall respond to the defendant's discovery by Friday, June 7, 2013." *Id.*

On June 11, 2013, Gretna filed the instant Motion, arguing that Herrera had failed to comply with the Court's Order and provide any discovery arising in connection with the Court's Order. (R. Doc. 22, p. 1). Gretna's motion does not seek to compel the responses to discovery, but instead an imposition of sanctions. (R. Doc. 22-2, p. 4). The motion is opposed.

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 37(b) permits the trial court to issue any "just" orders when a party fails to comply with a prior discovery order. Rule 37(b)(2)(A). Such Orders can include

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order . . . .

Rule 37(b). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make ana award of expenses unjust." Rule 37(b)(2)(C). In considering the appropriate sanction, "[t]he reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *International Transport Workers Federation v. Mi-Das Line SA*, No. 13-454, 2013

2

WL 1403329, at *8 (E.D. La. Apr. 4, 2013). However, striking claims or defenses in response to a failure to respond to discovery requests has been characterized as a "draconian" measure elsewhere, and should be used sparingly. *See Thomas v. Rockin D Marine Services, LLC*, No. 12-1315A, 2013 WL 1868368, at *16 (E.D. La. May 2, 2013).

**III.   Analysis**

In support of its Motion, Gretna argues that it propounded Rule 33 and 34 discovery requests upon Herrera on January 29, 2013. (R. Doc. 22-2, p. 1). According to Gretna, on March 6, 2013, it contacted Herrera to discuss the status of the discovery and requested a discovery conference for March 14, 2013. (R. Doc. 22-3, p. 2). Gretna argues that on March 19, 2013, Herrera informed him that discovery responses would be forthcoming in a week; however, Gretna received responses to Interrogatories only. (R. Doc. 22-3, p. 2). On April 23, 2013, Gretna argues that it emailed Herrera regarding the overdue Production Requests. *Id.* Gretna also argues that on May 28, 2013, the undersigned issued an Order which stated, "the plaintiff shall respond to the defendant's discovery by Friday, June 7, 2013." *Id.* However, Gretna argues that Herrera "has failed to respond to this order." (R. Doc. 22, p. 1).

Gretna argues that Herrera "has refused to provide [it] with any medical bills or records despite the fact that plaintiff's only claim for damages is based on his mental state and alleged embarrassment and humiliation." (R. Doc. 22-2, p. 3). Gretna argues that Herrera clearly "knew" about these matters, yet failed to gather the information in response to Gretna's discovery requests. *Id.* Because these claims are directly relevant to Herrera's damages claim and have not been produced after a formal discovery request, communications by counsel, and a Court Order, Gretna requests that (1) Herrera's claims be dismissed, or (2) Herrera's pleadings regarding embarrassment and humiliation be stricken, or (3) Herrera be prohibited from admitting medical bills or medical records into evidence to support

his claim for damages. *Id.* Gretna argues that because trial is rapidly approaching in this case, Gretna "has suffered substantial prejudice in the preparation of their defense due to [Herrera's] delay." *Id.*

In opposition, Herrera argues that on June 7, 2013, Herrera "attempted to fax the discovery responses to counsel for the defendant," but "[f]or technological reasons unknown to plaintiff's counsel, a 'Communication Error' prevented some of the facsimile transmission(s) from being successfully transmitted or received." (R. Doc. 25, pp. 1-2). For this reason, Herrera argues that he has made a "good faith effort" to comply with the court-imposed deadline. *Id.* at 2. Herrera argues that at an unspecified point after being notified of the transmission failure, "copies were . . . e-mailed to defendant's counsel." *Id.* at 3. Herrera does not specify when these copies were e-mailed, or whether they constituted full and complete responses to the requested discovery.

At oral argument, counsel for Herrera failed to appear, and efforts to contact Plaintiffs' counsel during oral argument were unsuccessful. Gretna argued that Herrera had failed to respond to written discovery, and later failed to respond to after the Court issued its Order. Although Gretna admitted that Herrera had produced *some* documentation in connection with the Court's Order, all of the produced discovery had been previously produced, and none of it pertained to Herrera's mental health issues, which Gretna argued were central to its defenses in this matter.

Gretna also stated that Herrera had in fact been diagnosed with bipolar disorder, and that the diagnosis predated the incident in question in this lawsuit. However, Gretna argued that Herrera had failed to produce any evidence of his mental health status until late in the discovery proceedings, and that he had done so only to have himself excused from his deposition. Indeed, Gretna argued that in response to initial Interrogatories, Herrera had stated that his bipolar disorder had occurred as a result of this incident.

The Court found that Gretna's requests that the matter be dismissed, or that Herrera's claims

4

for embarrassment and humiliation be stricken, were too draconian to be "just" pursuant to Rule 37(b). However, the Court noted that an award of attorney's fees was appropriate in this case, as this was the first time that Gretna had moved for an award of sanctions.  *See* Rule 37(b)(2)(C).

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion for Sanctions Pursuant to Rule 37(b) for Failure to Comply with a Court Order to Produce Discovery Responses (R. Doc. 22)** filed by Defendant, Gretna Food Distribution Center, Inc., ("Gretna") is **GRANTED** as specified at the June 26, 2013 oral argument.  Gretna is awarded its reasonable attorney's fees incurred in connection with the instant motion.

**IT IS FURTHER ORDERED** that Gretna shall file a motion to fix attorney's fees into the record by **Wednesday, July 10, 2013**, along with: (1) an affidavit attesting to its attorney's education, background, skills, and experience; (2) sufficient evidence of rates charges in other cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2.  Any opposition to the fee application shall be filed no later than **Wednesday, July 17, 2013**, and the motion shall be heard on that date **without oral argument.**

New Orleans, Louisiana, this 28th day of June 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**