UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGEL HERRERA                                    CIVIL ACTION

VERSUS                                           NO: 12-1785

GRETNA FOOD DISTRIBUTION                         SECTION: "N" (4)
CENTER, INC.

## ORDER

Before the Court is **Defendant's Motion to Fix Attorney's Fees and Expenses (R. Doc.
44)**, filed by Defendant, Gretna Food Distribution Center, Inc., ("Gretna") in compliance with the
Court's Order (R. Doc. 39), which granted Gretna's Motion for Sanctions (R. Doc. 22). The instant
motion is opposed by Plaintiff, Angel Herrera, ("Herrera") (R. Doc. 46). The motion was noticed
for submission on July 17, 2013, and heard on the briefs at that time.

I.    **Background**

This case, in brief, concerns Herrera's allegations that Gretna, which is a food bank, told
Herrera that he was ineligible to receive food on July 26, 2013 because it was Gretna's policy to
provide food only to American citizens. Although Herrera holds a green card, he never showed Gretna
this documentation, but claims $100,000.00 in damages for embarrassment and humiliation on account
of the misunderstanding. *See* (R. Doc. 1).

On May 28, 2013, the parties came before the undersigned to conduct a settlement conference.
The Court's minute entry indicated that negotiations were unsuccessful and a settlement was not

reached. (R. Doc. 18, p. 1). However, the minute entry also contained an Order which stated that "the plaintiff shall respond to the defendant's discovery by Friday, June 7, 2013." *Id.* On June 11, 2013, Gretna moved for an award of sanctions against Herrera, arguing that Herrera had failed to comply with the Court's Order and provide any discovery arising in connection with the Court's Order. (R. Doc. 22, p. 1).

Herrera failed to appear at oral argument on the Motion, and efforts to contact Plaintiffs' counsel during oral argument were unsuccessful. The Court found that an award of attorney's fees in connection with its motion to compel was appropriate, and ordered Gretna to submit a motion requesting the same. This motion, which is now before the Court, requests $3,125.00 in attorney's fees and costs arising in connection with the instant motion.[1] Although Herrera does not contest Gretna's entitlement to an award as a legal matter, he has filed an opposition which argues that the total award amount is excessive.

## II.    Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway*

---

[1]It is not clear from Gretna's filing whether the motion reflects work performed as to the Motion itself, or to the "case" in general, as both terms are used. However, the hours submitted, as well as the breakdown of tasks performed for which fees have been requested, pertains only to the motion to compel.

2

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2]   The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.   *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).   However, the lodestar should be modified only in exceptional cases.   *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

## III.   Analysis

### A.   Attorney's Fees

#### 1.   Calculating a Reasonable Hourly Rate

The fee application submitted by Gretna seeks to recover fees from attorney Miranda Tait, ("Tait").  Tait requests a rate of "at least" $275 per hour (R. Doc. 44-3, p. 3).  In support of her rate, she submits her own Affidavit, as well as the Affidavit of Ronald K. Lospennato, ("Lospennato") (R. Doc. 44-4).

Tait's Affidavit states that she is representing Gretna as *pro bono* counsel.  (R. Doc. 44-3, p. 1).  Tait was admitted to practice in the State of New York in 1999, and worked in private practice there before relocating to California in 2000.  *Id.* at 2.  She was admitted to practice in California in 2001, and worked there for a private law firm, Stock Stephens, from 2001 until 2004.  *Id.*  In 2004, she relocated to Louisiana, was admitted to practice in Louisiana, and began working for the Advocacy Center, "the designated Protection and Advocacy Agency (P&A) for Louisiana."  *Id.* at 1-2.  She states that she has been working with the Advocacy Center from 2004 to the present.  *Id.* In her work at the Advocacy Center, Tait's current responsibilities include "preparing and litigating

---

[2]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-719.

class action litigation to protect the rights of people with disabilities and senior citizens in Louisiana." *Id.* at 1.  During her time there, she has given continuing legal education seminars in the areas of "statutory access authority of protection and advocacy non-profit agencies, Louisiana Living Wills, Interdictions and Continuing Tutorships and the abuse and neglect of people with disabilities and senior citizens." *Id.*  She also states that any fees recovered in this Motion will be donated to the Food Bank.  *Id.* at 3.

Lospennato's Affidavit states that he has been Tait's supervisor at the Advocacy Center for the past three years.  (R. Doc. 44-4, p. 1).  Lospennato affirms that Tait's billable rate is reasonable given Tait's "ten or more" years of experience.  *See id.*

In opposition, Herrera does not oppose Gretna's entitlement to a fee award, but argues that the rate is excessive.  (R. Doc. 46, p. 1).  Herrera points out, *inter alia*, that Tait is handling the case *pro bono* and any attorney's fees will be donated to Gretna.  *Id.* at 3.  Herrera also states that Tait has not included a list of hourly rates she charged previously.  *Id.*  Finally, Herrera argues that prior recent Orders awarding attorney's fees have found that for routine discovery work, a rate of $250.00 per hour has been found excessive.  *Id.* at 2 (citing *Entergy, LLC v. Wackenhunt Corp.*, 2010 WL 481291 (E.D. La. Nov. 17, 2010).  Herrera does not, however, indicate what specific billable rate would be reasonable in this case.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990).  Such a request is reasonable if it falls within the "range" of reasonable fees awarded.  *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).  The applicant bears the burden

4

of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience). However, conclusory testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Further, the United States Supreme Court has found that reasonable market rates are to be calculated regardless whether a party's representation arises in the for-profit or non-profit sector. *Blum*, 465 U.S. at 896 (applying reasonable rates to civil rights action); *Chisolm v. Hood*, 90 F. App'x 709, 711 (5th Cir. 2004) (same); *Leonard v. Louisiana*, 2013 WL 3558291, at *2 (W.D. La. July 10, 2013) ("Reasonable fees are to be calculated according to the prevailing market rates in the relevant community, regardless whether the prevailing party is represented by private counsel or a non-profit legal aid society."). *Cf. Saldivar v. Rodela*, 894 F. Supp. 2d 916, 934 (W.D. Tex. 2012) (finding, in Hague Convention action, that "a legal aid counsel, though she does not exact a fee from

clients, is awarded the same hourly rate that counsel in the private bar with the same experience and skills as her commands."); *Lainez v. Baltazar*, 2013 WL 3288369, at *2 & n.2 (E.D. N.C. June 28, 2013) (citing lodestar analysis, and awarding fees to non-profit legal aid organization in case brought pursuant to Fair Labor Standards Act and North Carolina law).

After reviewing the prevailing market rates for legal services in the greater New Orleans area from the applicable case law, the Court concludes that a rate of $275 is not reasonable in connection with Tait's work on the motion. *See, e.g.*, *Creecy v. Metropolitan Property and Casualty Insurance Co.*, 548 F. Supp. 2d 279, (E.D. La. 2008) (finding that rate of $200 per hour was reasonable for attorney with eleven years of experience); *Fontenot v. Gusman*, No. 11-1772, 2013 WL 1636461, at *2 (E.D. La. Apr. 16, 2013) (citing *Creecy*, and finding that award of $180 per hour for clinical attorney with eleven years of experience was a reasonable fee award for discovery matter arising in for prisoner civil rights litigation matter). Therefore, Court finds that a rate of $200 per hour is reasonable in connection with Tait's work on the instant motion, and reduces her requested amount accordingly.[3]

## 2.    Determining the Reasonable Hours Expended

The fee application submitted by Gretna seeks to recover 10 hours of work which Tait performed in connection with the instant motion. Gretna includes both a breakdown of hours, as well as a redacted pro bono time log. (R. Docs. 44-3, p. 3; 44-5, pp. 1-3).[4] The log and the Affidavit

---

[3]Admittedly, fees have been awarded at a lower rate in other non-profit cases. *See, e.g.*, *Pechon v. Louisiana Department of Health and Hospitals*, No. 08-0664, 2009 WL 3447262, at *4 (E.D. La. Oct. 21, 2009) (finding that claimed and uncontested rate of $115 per hour was a reasonable rate for non-profit attorney with 20 years of experience). However, *Pechon* can be distinguished on the ground that in that case, the lower rate was provided by the party requesting fees, and the rate was uncontested.

[4]The time log is redacted in part, however Herrera does not contest this issue and the Court finds the redactions do not compromise the Court's analysis of this Motion.

are not consistent; the log contains several entries which Tait's Affidavit explicitly withdraws any request for recovery.[5] *See id.*

In opposition, Herrera argues that Gretna's Motion does not show all of the hours expended in the fee request, and is "deficient for that reason alone." (R. Doc. 46, p. 3). Specifically, Herrera points to the fact that Gretna requests 5.5 hours for Tait's time for researching and preparing the Motion, as well as certain administrative tasks which are not properly billed to Grenta's client. *Id.* at 4. Herrera suggests that the Court can conduct a line-by-line analysis of the billing statements. *Id.* at 4.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker v. United States Dep't of Housing & Urban Development,* 99 F.3d 761, 770 (5th Cir.1996). Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker*, 99 F.3d at 769).

Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.

The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can

---

[5]On June 9, 2013 Tait's log marks 2.0 hours for "Research options for failure to comply w/ discovery order and confer with colleague and begin motion." (R. Doc. 44-5, p. 1). On June 12, 2013 Tait's log marks 0.5 hours for "File Notice of Errata and serve." *Id.*

conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006) (finding that a percentage reduction is simply an "abbreviated way of performing" a line-by-line analysis).

The Court finds that because there are only five total entries for which Gretna seeks recovery at her full requested rate, and because Herrera has specifically objected to many of these entries, a line-by-line analysis of each entry is warranted here.

On June 10, 2013 Tait's log marks 2.5 hours for "Research law in 5th Cir. on Rule 37D and prepare memorandum in support of motion." (R. Doc. 44-5, p. 1). Tait's Affidavit reiterates this request. (R. Doc. 44-3, p. 3).[6] On June 11, 2013 Tait's log marks 3.0 hours for "contact court hearing date; prepare affidavit and compile all met and confer exhibits; prepare motion and scan file and service motion; *prepare notice of errata*." (R. Doc. 44-5, p. 1) (emphasis added). Tait's Affidavit requests recovery for all of these entries, except for preparation of the notice of errata, which she explicitly withdraws. (R. Doc. 44-3, p. 3).[7] However, the total hours reflected on the log, and the affidavit, remains 3.0 hours. *See* (R. Doc. 44-3, p. 3; 44-5, p. 1).

In opposition, Herrera argues that these two entries include tasks which are administrative in nature. (R. Doc. 46, p. 4). Specifically, Herrera argues that contacting the Court to ask about available motion days is unnecessary; moreover, compiling exhibits, scanning documents or pleadings, and filing and serving motion papers are secretarial duties, and thus not compensable. *Id.* Herrera also contends that the routine nature of the motion does not justify 5.5 hours of attorney time. *Id.* at 4-5.

---

[6]Tait's Affidavit does not mention that research was limited to the Fifth Circuit. *Id.*

[7]Both Tait's Log and Tait's Affidavit used "Tct" in the place of "contact." *See id.*

The Court finds that these entries both constitute block billing.  The entries also include administrative time, which is not properly billed to one's client.  Since Gretna does not delineate which specific tasks took which amount of time, the Court will reduce the total 5.5 hours requested in these two entries by thirty-five percent (35%).  *See Atel Maritime Investors, LP v. Sea Mar Management, LLC*, No. 08–1700, 2011 WL 2550505, at *4 (E.D. La. June 27, 2011) (finding that block billed entries were used the same 35% reduction of hours requested for block billed entries). Therefore, the Court finds that an award of 3.6 hours is reasonable in this case.[8]

On June 25, 2013 Tait's log marks 1.0 hours for "prepare for oral argument."  (R. Doc. 44-5, p. 2).  Tait's Affidavit reiterates this request.  (R. Doc. 44-3, p. 3).  In opposition, Herrera argues that 1 hours for oral argument is excessive because "the issues in the motion were not novel but rather were quite mundane."  (R. Doc. 46, p. 5).

The Court finds that the issues raised in the motion for sanctions pertained Herrera's failure to comply with court-ordered discovery production.  The discovery requests in this instance were not voluminous, and the motion itself involved a routine application of Rule 37(b).  Therefore, the Court reduces this entry from 1.0 hours to 0.8 hours.

On June 26, 2013 Tait's log marks 2.5 hours for "Appear for Motion Hearing."  (R. Doc. 44-5, p. 2).  Tait's Affidavit reiterates this request.  (R. Doc. 44-3, p. 3).  Herrera does not explicitly contest this request in his Opposition.

The Court finds, however, that since Gretna has requested travel time to and from her office in a separate entry, 2.5 hours is excessive in this case.  The Court's minute entry from these proceedings indicates that 7 minutes of time was spent actually arguing the motion.  (R. Doc. 33).

---

[8]The Court has rounded this figure up from 3.575.

Gretna was ordered to appear for oral argument at 11:00 a.m., and counsel appeared punctually. After hearing several other matters, oral argument on Gretna's motion concluded at 11:41 a.m. Therefore, the Court finds that an award of 0.8 hours for appearing at oral argument is a reasonable award for "appearance" at oral argument in this case.

On July 8, 2013, Tait's log marks 2.0 hours for "Complete motion for fees, time log, affidavits." (R. Doc. 44-5, p. 3). Tait's Affidavit reiterates this request. (R. Doc. 44-3, p. 3).[9] In opposition, Herrera argues that the amount of time spent in preparing and filing the attorney's fees motion is excessive, given its total length. (R. Doc. 46, p. 5). Herrera does not contest Gretna's entitlement to seek fees as a result of this Motion.

Here, the Court notes that Herrera has not opposed Gretna's entitlement to request an award of fees in connection with the filing of the motion for attorney's fees, in addition to fees for the underlying motion; instead, Herrera argues only the time "seems excessive." (R. Doc. 46, p. 5). Here, Gretna's motion for attorney's fees is comprised of a 1-page motion; a 3-page memorandum in support which contains a discussion of Rule 37(b) sanctions; a 4-page Affidavit from Tait; a 2-page Affidavit from Lospennato; and a 3-page pro bono log.[10] Given the Motion's short length and its routine nature, the Court reduces the reasonable time spent in preparing the motion to 1.5 hours.

In sum, Gretna is entitled to an award of 6.7 hours of attorney time for Tait, at a rate of $200 per hour, for a total fee award of $1,340.

**B.    Travel "Costs"**

In support of its Motion, Tait's Affidavit requests a total of 5.0 hours for travel to and from

---

[9]Tait's Affidavit states that 2.0 hours were spent on the "motion," and the "affidavits," not the "time log." *Id.*

[10]The motion also contains several pages with, *inter alia*, the submission date and the certificate of service.

Lafayette, Louisiana, which she requests at the reduced rate of $75 per hour.  (R. Doc. 44-3, p. 3).[11] According to Tait, this time "is intended to include parking and gas mileage costs."  (R. Doc. 44-3, p. 3).  Tait states that five hours at $75 per hour makes the resulting entry $375.00.  *Id.*  In opposition, Herrera argues that Tait's travel requests are excessive because "it takes approximately 2 hours and 10 minutes to travel from counsel's office to the federal courthouse, provided the driver rigorously adheres to the posted speed limit signs."  (R. Doc. 46, p. 5).

The Court takes judicial notice of the fact that Lafayette, Louisiana is approximately 135 miles from the New Orleans federal courthouse; it takes approximately 2.1 hours to travel between these two points.  However, the Court finds that the fee application includes time for parking, as well as gas expenditures, although these expenses are not documented.  The Court finds that an adjustment of the hours requested from 5.0 to 4.8 is reasonable in this instance, for a total "costs" award of $360.

### C.    Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

The Court has evaluated the other *Johnson* factors and finds that adjustment of the lodestar is not warranted here.  Accordingly, Gretna is entitled to an award of attorney fees of $1,340 and "costs" of $360, for a total award of $1,700.

---

[11]On June 26, 2013, Tait's log marks 2.5 hours for "travel to New Orleans."  *Id.* at 2.  On June 27, 2013, Tait's log marks 2.5 hours for "return travel."  *Id.*

**IV.**   <u>**Conclusion**</u>

Accordingly,

**IT IS ORDERED** that the **Motion to Fix Attorney's Fees and Expenses (R. Doc. 44)**, filed

by Defendant, Gretna Food Distribution Center, Inc., ("Gretna") is **GRANTED**.  Gretna is awarded

attorney's fees and costs in the amount of $1,700, to be paid by Plaintiff, Angel Herrera, ("Herrera")

no later than fourteen (14) days of the issuance of this Order.

New Orleans, Louisiana, this 26th day of July 2013

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**